# In the United States Court of Federal Claims

No. 19-835

(Filed Under Seal: May 28, 2021)

Reissued: June 14, 2021[1]

|  |  |
|---|---|
| ANITA GROSS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| SECRETARY OF HEALTH AND | ) |
| HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |
| | ) |

*Randall G. Knutson*, Knutson & Casey Law Firm, Mankato, MN, for petitioner.

*Mollie Danielle Gorney*, Vaccine/Torts Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.

## OPINION

***SMITH*, Senior Judge**

      Respondent, Secretary of the Department of Health and Human Services, seeks review of Chief Special Master Corcoran's decision awarding petitioner, Anita Gross, compensation for her vaccine injury. Petitioner brought this action pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10, *et seq*. (the "Vaccine Act"), after suffering from Guillain-Barré Syndrome ("GBS") caused by the influenza ("flu") vaccine. While respondent conceded that petitioner was entitled to compensation, the parties did not agree on the type and amount of compensation that should be awarded. After hearing the parties' arguments, the Chief Special Master issued a decision awarding petitioner compensation for: (1) pain and suffering, and (2) past lost earnings. Respondent now moves for review of the award for past lost earnings. For the following reasons, the Court **DENIES** respondent's Motion for Review.

## I.      BACKGROUND AND PROCEDURAL HISTORY

      On October 25, 2017, petitioner received the flu vaccine and, approximately 12 days after the vaccination, began experiencing symptoms of GBS. Petition at 1, ECF No. 1. On June 6, 2019, petitioner filed her Petition with the Office of Special Masters, seeking compensation for

---

[1]      An unredacted version of this opinion was issued under seal on May 28, 2021. The parties were given an opportunity to propose redactions, but no such proposals were made.

her vaccine-related injuries. *Id*. On May 13, 2020, respondent submitted a Vaccine Rule 4(c) Report recommending that compensation be awarded. Respondent's Rule 4(c) Report Recommending Compensation at 7, ECF No. 21. That same day, the Chief Special Master ruled on entitlement in favor of petitioner and the case proceeded to damages where the parties engaged in discussions regarding the appropriate amount of compensation. Ruling on Entitlement, ECF No. 22; Damages Order, ECF No. 23.

On August 17, 2020, the parties advised the Chief Special Master that they were unable to reach an agreement and requested a decision on damages. Petitioner's Status Report, ECF No. 29. Both parties agreed to an expedited hearing and submitted briefs by September 29, 2020. In her damages brief, petitioner requested $180,000.00 for pain and suffering, $228,212.70 for past and future lost earnings, and $5,391.10 for out-of-pocket medical expenses. Petitioner's Memorandum for Damages Decision at 19, ECF No. 32. On February 26, 2021, petitioner withdrew her request for future lost earnings and sought only $1,870.40 of past lost earnings representing 80 hours of leave taken during her illness. Transcript at 4:3–5:3, ECF No. 41; *see also* Decision Awarding Damages 3, ECF No. 39. Of those 80 hours, 74 hours had been taken by petitioner as paid time off ("PTO"), while six hours were taken as unpaid leave. Petitioner's Memorandum for Damages Decision at 13, ECF No. 32. Respondent argued that petitioner should receive only $82,500.00 for pain and suffering, $109.59 for six hours of unpaid leave (after applying tax offsets), and $5,391.10 for medical expenses. Respondent's Brief on Damages at 9, 13, ECF No. 34. On March 11, 2021, the Chief Special Master issued a written Decision awarding petitioner $160,000.00 for pain and suffering, $798.75 for past lost earnings representing six hours of unpaid leave and one-half of the PTO hours taken, and $5,391.10 for medical expenses. Decision Awarding Damages at 9, ECF No. 39.

Respondent now seeks review of the decision to award petitioner for past lost earnings. Respondent's Motion for Review, ECF No. 42. On April 9, 2021, respondent filed its Motion for Review and supporting Memorandum. *Id*.; Respondent's Memorandum in Support of Motion for Review, ECF No. 43. On April 20, 2021, petitioner filed a response to respondent's Motion for Review. Petitioner's Memorandum in Opposition to Respondent's Motion for Review, ECF No. 45. Respondent's Motion is fully briefed and ripe for review.

## II.     STANDARD OF REVIEW

Under the Vaccine Act, this Court may review a Special Master's decision upon the timely request of either party. 42 U.S.C. § 300aa-12(e)(1)–(2). In reviewing such a request, this Court may:

> (A) uphold the findings of fact and conclusions of law . . . ,
> (B) set aside any findings of fact or conclusion of law . . . found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . , or
> (C) remand the petition to the special master for further action in accordance with the court's direction.

*Id*. § 300aa-12(e)(2)(A)–(C). "Fact findings are reviewed . . . under the arbitrary and capricious standard; legal questions under the 'not in accordance with law' standard; and discretionary

rulings under the abuse of discretion standard." *Munn v. Sec'y of Dep't of Health and Human Servs.*, 970 F.2d 863, 870 n.10 (Fed. Cir. 1992).

On review of a decision, this Court cannot "substitute its judgment for that of the special master merely because it might have reached a different conclusion." *Snyder v. Sec'y of Health and Human Servs.*, 88 Fed. Cl. 706, 718 (2009). This court does not "reweigh the factual evidence, assess whether the special master correctly evaluated the evidence, or examine the probative value of the evidence or the credibility of the witnesses—these are all matters within the purview of the fact finder." *Porter v. Sec'y of Health & Hum. Servs.*, 663 F.3d 1242, 1249 (Fed. Cir. 2011). "[R]eversible error is extremely difficult to demonstrate if the special master has considered the relevant evidence of record, drawn plausible inferences and articulated a rational basis for the decision." *Lampe v. Sec'y of Health & Human Servs.*, 219 F.3d 1357, 1360 (Fed. Cir. 2000) (internal quotation marks omitted). "[A]s long as a special master's finding of fact is 'based on evidence in the record that [is] not wholly implausible, we are compelled to uphold that finding as not being arbitrary or capricious.'" *Porter*, 663 F.3d at 1249 (quoting *Cedillo v. Sec'y of Health & Hum. Servs.*, 617 F.3d 1328, 1338 (Fed. Cir. 2010)).

## III.    DISCUSSION

The petitioner bears the burden of proof with respect to each element of compensation requested. *See Brewer v. Sec'y of Health & Human Servs.*, No. 93-0092V, 1996 WL 147722, at *22-23 (Fed. Cl. Spec. Mstr. Mar. 18, 1996). Here, the petitioner's burden of proof is "by a preponderance of the evidence." *See* 42 U.S.C. §§ 300aa-13(a)(1)(A). Simply put, the petitioner needed only to show that the likelihood of her claims being valid was "more probable than not." *See Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1279 (Fed. Cir. 2005).

On review, respondent disputes that the petitioner has met her burden of proof. Of the $798.75 in past lost earnings awarded, the respondent challenges $689.16 representing compensation for one-half of the PTO taken by the petitioner during her illness (i.e., 37 hours of PTO). *See* Respondent's Motion for Review at 3–4, ECF No. 42. The respondent's Motion for Review argues the following: (1) the Chief Special Master erred by awarding compensation for used PTO because the petitioner did not meet her burden of proof; and (2) the Chief Special Master's award of one-half of the PTO hours taken by petitioner was arbitrary. *Id.* at 6–8. The Court addresses these arguments in turn.

### A.    Paid Time Off as Loss of Earnings

This Court reviews findings of fact by special masters under the arbitrary and capricious standard. *See supra* Section II ("Standard of Review"). Here, it was not arbitrary or capricious for the Chief Special Master to find that petitioner's use of PTO during her illness constituted a loss of earnings. The Chief Special Master based his finding on petitioner's sworn affidavit and an employee benefits document. Decision Awarding Damages at 8, ECF No. 39. Petitioner's affidavit states that she "los[t] 10 days of wages (PTO) as a result of [her] vaccine injuries" and she "would have been paid for those PTO days when [she] quit." Affidavit of Anita Gross at ¶ 6, ECF No. 38. Petitioner's affidavit further states that her employer "did not require employees to use their PTO or lose it at the end of each year" so that employees "could carry it over." *Id.* at

¶ 7.  Additionally, the benefits document corroborates petitioner's affidavit.  Within the document, a table titled "PAID TIME OFF" lists the amount of PTO earned by an employee according to years of service and states that "accruals continue up to 20 years of service." Petitioner's Exhibit 20, ECF No. 38.  As recognized by the Chief Special Master, there is no other evidence in the record to consider that could support (or refute) petitioner's claim.  *See* Transcript at 15:10–14, ECF No. 41.

Based on this evidence, the Chief Special Master reasonably found that petitioner would have likely been reimbursed by her employer for any unused PTO at the end of her employment so that her use of PTO during her illness constituted a loss of earnings.  Decision Awarding Damages at 8–9, ECF No. 39.  While the record evidence does not definitively show that petitioner's unused PTO would be paid out, a reasonable fact finder could still conclude that petitioner would likely have been reimbursed for unused PTO by her employer.  Even if reasonable minds would differ as to whether petitioner's claim is supported by preponderant evidence, this Court examines the Chief Special Master's findings through a deferential standard of review.  As it cannot be said that the Chief Special Master has drawn a wholly implausible inference based on the evidence in the record, the Court is compelled to uphold the Chief Special Master's finding.

### B.  The Amount in Damages

Respondent also argues that the Chief Special Master decided on an arbitrary amount in awarding petitioner one-half of her claim for PTO taken.  However, special masters often exercise wide discretion in determining appropriate awards in damages cases where the amount and calculation of the award for categories such as pain and suffering, lost past and future earnings, and reasonable future medical costs, are in dispute.  *See, e.g.*, *Binette v. Sec'y of Health & Human Servs.*, No. 16–731V, 2019 WL 1552620, at *14–15 (Fed. Cl. Spec. Mstr. Mar. 20, 2019) (determining the award amount for past and future pain and suffering); *Zatuchni v. Sec'y of Health & Human Servs.*, No. 94–58V, 2006 WL 1499982, at *7–8 (Fed. Cl. Spec. Mstr. May 10, 2006) (calculating an award for lost earnings), *vacated in part on other grounds*, 73 Fed. Cl. 451 (2006), *aff'd* 516 F.3d 1312 (Fed. Cir. 2008).

Here, the Chief Special Master determined that the petitioner was entitled to compensation for lost earnings but awarded petitioner for only half of the PTO taken because of uncertainty as to whether petitioner would have used all of her PTO hours prior to leaving employment.  Transcript at 23:20-23, ECF No. 41; Decision Awarding Damages at 8–9, ECF No. 39.  As the Chief Special Master articulated a rational basis for his decision, this Court finds no error.

### IV.    CONCLUSION

For the foregoing reasons, the Court does not find the compensation award for petitioner's expended PTO as arbitrary or capricious and upholds the Chief Special Master's decision.  Accordingly, the Court **DENIES** respondent's Motion for Review.

4

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge